IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MT. HAWLEY INSURANCE COMPANY | Civil No. |
| Plaintiff, | |
| vs. | |
| EIGHTY EIGHT, L.P.; and EIGHT, INC. | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, MT. HAWLEY INSURANCE COMPANY ("Mt. Hawley"), by and through its undersigned counsel, Fields Howell LLP, hereby files this Complaint for Declaratory Judgment against Defendant, EIGHTY EIGHT, L.P. ("Eighty Eight") and EIGHT, INC. ("Eight")(Eighty Eight and Eight, together, "Defendants" or "Insured"), and states as follows:

### NATURE OF THE ACTION

1.     This declaratory judgment action arises out of an insurance coverage dispute between Mt. Hawley and Insured related to the lawsuit captioned *A.H. v. Roosevelt Inn, LLC et al.*, in the Philadelphia Court of Common Pleas at docket number 200102954 (the "A.H. Action").

2.     The dispute relates to commercial general liability insurance coverage under Policy No. MPH001194, issued by Mt. Hawley to Insured for the period of January 22, 2008 to January 22, 2009 (the "Policy"). A copy of the Policy is attached hereto as Exhibit A.

3.     Mt. Hawley seeks a judicial determination pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 that Mt. Hawley has no potential further obligation or liability under the Policy to Insured for defense costs, indemnity, or other services relating to the A.H. Action.

**JURISDICTION AND VENUE**

4.       This is an action for Declaratory Judgment pursuant to 28 U.S.C. 2201 and Fed. R. Civ. P. 57.

5.       This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 2201, as complete diversity of citizenship exists between the parties, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and Mt. Hawley seeks declaratory relief pursuant to 28 U.S.C. §2201, *et seq.*, the Federal Declaratory Judgment statute.

6.       A judgment for $4,073,686.52 was entered against Eighty Eight in the A.H. Action.

7.       Mt. Hawley issued the Policy to Insured, and Insured seeks additional coverage for the A.H. Action under the Policy. Thus, the amount in controversy exceeds $75,000.

8.       Venue is proper in this district because the Insured's principal place(s) of business is within the Commonwealth of Pennsylvania, in a county identified in 28 U.S.C. §118, and a substantial part of the events giving rise to the claims occurred within this district.

**THE PARTIES**

9.       Mt. Hawley is a corporation organized under the laws of the State of Illinois, with its principal place of business at 9025 N. Lindbergh Drive, Peoria, IL 61615. Therefore, Mt. Hawley is a citizen of the State of Illinois.

10.      Neither Eight nor any member or partner of Eighty Eight are citizens of Illinois.

11.      Eighty Eight, L.P. is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Pennsylvania.  The general partner of Eighty Eight is Shrinathji, Inc., a Delaware corporation with, upon information and belief, its principal place of business in Pennsylvania.  Upon information and belief, Ajit R. Shah is the sole shareholder of Shrinathji, Inc., and the limited partner of Eighty Eight. Upon information and belief, Ajit R. Shah is domiciled in Pennsylvania. Therefore, Eighty Eight is a citizen of Delaware and Pennsylvania.

12.     Eight, Inc. is a corporation organized under the laws of the State of Delaware, and has a principal place of business at 11580 Roosevelt Blvd., Philadelphia, PA 19116. Therefore, Eight is a citizen of Delaware and Pennsylvania.

## FACTUAL BACKGROUND

### The A.H. Action

13.     A.H. sued various Wyndham Hotel corporate entities (collectively, "Wyndham") alleging she sustained injuries while a human trafficking victim at several hotels and motels in the Philadelphia area between Summer of 2008 and 2009. A copy of the Complaint in the A.H. Action is attached as Exhibit B.

14.     Upon information and belief, the Insured owned and operated a hotel at 11580 Roosevelt Blvd., Philadelphia, PA 19116. Doing business under the name "Ramada Inn" (the "Hotel"). A copy of Joinder Complaint filed in the A.H. Action against Eighty Eight is attached as Exhibit C.

15.     Upon information and belief, Eighty Eight operated the Hotel under the "Ramada Inn" business name pursuant to license agreement it entered into in 2007 with Ramada Worldwide, Inc., a wholly owned subsidiary of Wyndham (the "License Agreement"). *See* Exhibit C.

16.     A.H. alleged that she was trafficked for sex work, including by being taken to the Hotel, where she performed commercial sex acts with "johns" in Hotel rooms rented by the traffickers. *See* Exhibit B, ¶¶ 87 – 91.

17.     A.H. alleged that employees, servants, staff, and/or agents of the Hotel exchanged cash tips for silence regarding the illegal activities occurring at the Hotel and warned traffickers of police seeking to enter the Hotel. *See* Exhibit B, ¶¶ 100-101.

18.     The A.H. Action asserted five counts against Wyndham regarding the Hotel: (i) Negligence: Violation of Pennsylvania Human Trafficking Law, 18 Pa. C.S.A. § 3001, et seq.; (ii)

Negligent Infliction of Emotional Distress; (iii) Intentional Infliction of Emotional Distress; (iv) Negligent Hiring, Training, and/or Supervision; and (v) Punitive Damages.

19.    A.H. alleged that Wyndham knew or should have known that its acts or omissions would result in A.H. being victimized by or subjected to violent and/or criminal acts perpetrated by third parties on the premises of the Hotel. *See* Exhibit B, ¶¶ 129,-130, 151-152.

20.    A.H. alleged that, as a result of Wyndham's conduct, A.H. was sexually assaulted and exploited while at the Hotel and caused to suffer physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, and loss of enjoyment of life and life's pleasure. *See* Exhibit B, ¶¶ 144-145.

21.    The A.H. Action alleges that Wyndham and the Hotel financially profited from the human trafficking of A.H., including when she was a minor, and continued to profit by not reporting, intervening, disrupting, or otherwise stopping the practice. *See* Exhibit B, ¶ 110.

22.    On June 8, 2021, Wyndham filed a joinder complaint in the A.H. Action (the "Joinder Complaint"), joining Eighty Eight to the A.H. Action as an additional defendant. *See* Exhibit C.

23.    In the Joinder Complaint, Wyndham asserted causes of action against Eighty Eight for contractual indemnification under the License Agreement, common law indemnification, and contribution for the claims asserted against Wyndham in the A.H. action. *See* Exhibit C.

24.    Upon information and belief, in or about May 2025, Wyndham settled the A.H. Action with A.H. for $1,500,000.

25.    On September 17, 2025, the Honorable Mark J. Moore of the Philadelphia Court of Common Pleas entered judgment in favor of Wyndham and against Eighty Eight, finding that, pursuant to the terms of the License Agreement, Eighty Eight must indemnify Wyndham for claims in the A.H. Action in the amount of $4,073,686.52, comprised of: $3,000,000 for settlement and attorney's fees and costs through April 25, 2025; $648,778.54 for attorney's fees and costs through

August 25, 2025; and $424,907.98 for prejudgment interest. A copy of the judgment entered on September 17, 2025 is attached as Exhibit D.

26.    Eighty Eight filed Notices of Appeal in the A.H. Action on October 20, 2025.

**Mt. Hawley Paid Defense Costs For the Insured In The A.H. Action Under A Reservation Of Rights**

27.    In or around July of 2021, Insured made a notice of claim to Mt. Hawley and provided Mt. Hawley a copy of the Joinder Complaint.

28.    On August 11, 2021, Mt. Hawley sent by certified mail a letter to Insured agreeing to provide Insured with a defense in the A.H. Action under the Policy's Limited Assault or Battery Insurance endorsement, which provided a sublimit of insurance of $100,000 (the "ROR Letter"). A copy of the ROR Letter is attached as Exhibit E.

29.    The ROR Letter notified Insured that the Policy may not provide any coverage for the claims in the A.H. Action. Further, the ROR letter advised that any potential coverage would fall within the Limited Assault or Battery Insurance endorsement that was subject to a $100,000 sublimit for either defense costs or indemnity or both. Accordingly, Mt. Hawley advised that it would defend Insured under the Limited Assault and Battery Insurance subject to a full reservation of rights and that Mt. Hawley would have no potential obligations concerning the matter after it paid the sum of $100,000. *See* Exhibit E.

30.    The ROR Letter notified Insured that, by agreeing to provide a defense to Insured, Mt. Hawley did not admit that coverage existed under the Policy and reserved all of its rights and remedies under the Policy and applicable law. *See* Exhibit E.

31.    Mt. Hawley paid the sum of $100,000 in defense costs for Insured in connection with the A.H. Action.

32.    Thereafter, Mt. Hawley ceased defending Insured in the A.H. Action as it had reserved the right to do in the ROR Letter.

5

33.    On December 20, 2024, Mt.  Hawley sent by certified mail a letter to counsel for Insured confirming that Mt. Hawley exhausted any potential obligation to Insured under the Policy for the A.H. Action. A copy of the December 20, 2024 letter sent to Insured is attached as Exhibit F.

34.    Insured did not respond to Mt. Hawley's December 20, 2024 letter.

### The Policy

35.    Subject to its terms and conditions, the Policy provides commercial general liability insurance coverage to Insured, which includes the following insuring agreement:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   **(1)**    The amount we will pay for damages is limited as described in Section **III – Limits Of Insurance**; and

   **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided      for under      **SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.**

**b.**    This insurance applies to "bodily injury" and "property damage" only if:

6

       **(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

       **(2)**     The "bodily injury" or "property damage" occurs during the policy period;

       **(3)**     Prior to the policy period, no insured listed under Paragraph 1. of Section II — Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or author-ized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

* * *

36.    Among others, the Policy contains the following exclusions to coverage:

**2.    Exclusions**

***

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage," provided:

    **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

    **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

* * *

7

37.     The Policy contains the following definitions:

**SECTION V – DEFINITIONS**

\*\*\*

**9**. "Insured contract" means:

\*\*\*

**f**. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

\*\*\*

**13**. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

**18**. "Suit" means a civil proceeding in which damages because of "bodily injury", property damage", or "personal and advertising injury" to which this insurance applies are alleged.

\*\*\*

38.     The Policy contains an "Exclusion – Assault or Battery" endorsement, which states:

This coverage does not apply to "bodily injury," "property damage," or "personal or advertising injury" arising out of an "assault or battery" by:

**1.** Any insured, employee of the insured, patron or patrons, or other person, whether provoked or unprovoked by any person, or

**2.** Out of any act or omission in connection with the:

> **a.** Prevention or suppression of an "assault or battery";
>
> **b.** Protection of persons or property;
>
> **c.** Negligent hiring, supervision or training of any "employee" of the insured; or
>
> **d.** Implementation of adequate security measures, through security personnel, surveillance or other security devices.

For purposes of this exclusion, Exclusion **2.a.** in Section **I.** of both the COMMERCIAL GENERAL LIABILITY COVERAGE PART and the LIQUOR LIABILITY COVERAGE PART is replaced in its entirety by the following:

8

### a. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

For the purposes of this exclusion, the following definition is added:

"Assault or battery" means harmful or offensive contact between or among two or more persons, including but not limited to, apprehension of harmful or offensive contact or threats or harmful or offensive contact, sexual assault, abuse, or molestation.

\*\*\*

39.    The Policy contains a "Limited Assault or Batter Insurance" endorsement, which

states:

**LIMITED ASSAULT OR BATTERY INSURANCE**
**(Claims Expense Within Coverage Limits)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART LIQUOR LIABILITY COVERAGE PART

\*\*\*

### A. Insuring Agreement

The Company will pay all sums the Named Insured is legally obligated to pay as damages because of "bodily injury" and "personal or advertising injury" arising out of an "assault or battery" by:

**1.** Any insured, employee of the insured, patron or patrons, or other person, whether provoked or unprovoked by any person, or

**2.** Out of any act or omission in connection with the:

**a.** Prevention or suppression of an "assault or battery";

**b.** Protection of persons or property;

**c.** Negligent hiring, supervision or training of any "employee" of the insured; or

**d.** Implementation of adequate security measures, through security personnel, surveillance or other security devices.

We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit"

9

seeking damages for "bodily injury" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

1.  The amount we will pay for damages and the cost of defense is limited as described in Sublimits of Insurance on this coverage form; and

2.  Our right and duty to defend end when we have used up the applicable Sublimits of Insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered.

This insurance applies to "bodily injury" and "personal and advertising injury" only if:

1. The "bodily injury" or " personal and advertising injury" is caused by an "occurrence" that takes place in the "coverage territory";

\* \* \*

**B. Sublimits of Insurance for Limited Assault Or Battery Coverage.**

1.  The most we will pay for all damages and the cost of defense resulting from any one "assault or battery" "occurrence" is the Each Occurrence Sublimit shown in the Schedule on this coverage form.

2.  The Annual Aggregate Sublimit shown in the Schedule on this coverage form is the most we will pay for the sum of all damages and the cost of defense because of all "assault or battery" "occurrences." The Annual Aggregate Sublimit applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Sublimits of Insurance.

3.  The Company will not pay any claim for damages or the cost of defense after the applicable Sublimits of Insurance under this coverage has been exhausted by payment of judgments, settlements, defense costs, or supplementary payments. All such costs shall be included in the Sublimits of Insurance.

**C. Application of the Policy General Aggregate Limit.**

With respect to LIMITED ASSAULT OR BATTERY COVERAGE only, Section III - LIMITS OF INSURANCE of the COMMERCIAL GENERAL LIABILITY COVERAGE PART is replaced by the following:

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

10

**a.** Insureds,

**b.** Claims made or "suits" brought, or

**c.** Persons or organizations making claims or bringing "suits."

2.  The General Aggregate Limit is the most we will pay for the sum of:

    **a.**   Damages for "bodily injury" under Coverage A;

    **b.**   Damages under Coverage B, and

    **c.**   Medical expenses under Coverage C;

3.  Subject to **2**. above, the Each Occurrence Limit is the most we will pay for the sum of:

    **a.** Damages under Coverage A;

    **b.** Damages under Coverage B; and

    **c.** Medical expenses under Coverage C

    because of all "bodily injury" and "personal and advertising injury" arising out of any one "occurrence."

***

40.    The Policy's Limited Assault or Battery Insurance endorsement contains the following definition:

**E. Definitions.**

"Assault or battery" means harmful or offensive contact between or among two or more persons including, but not limited to, apprehension of harmful or offensive contact or threats or harmful or offensive contact, sexual assault, abuse or molestation.

***

41.    The Policy's Limited Assault or Battery Insurance endorsement contains the following Schedule:

**SCHEDULE**

Insurance is provided only with respect to those coverages for which a specific Limit of Insurance and Premium are shown:

**Sublimits of Insurance:**

| | |
|---|---|
| $ 100,000 | Each Occurrence Sublimit |
| $ 100,000 | Annual Aggregate Sublimit |

***

11

42.     The Policy has an "Exclusion – Punitive Damages" endorsement, which states:

The following exclusion is added to **Coverage A, B,** and **C (Section** I):

This insurance does not apply to any expenses or payments for "punitive or exemplary damages" awarded against you or any other person or organization.

The following DEFINITION is added:

"Punitive or exemplary damage" are exemplary or aggravated damages which are awarded in addition to those damages which are intended to compensate the injured party for its loss.

***

## COUNT I

### CLAIM FOR DECLARATORY RELIEF

**Mt. Hawley Paid All Potential Limits of Insurance Under the Policy for the A.H. Action**

43.     Mt. Hawley incorporates the allegations above as though fully set forth in this paragraph.

44.     The Policy obligates Mt. Hawley to pay sums that Insured becomes legally obligated to pay as damages because of "bodily injury" to which the Policy applies, and to defend Insured against any "suit" seeking those damages.

45.     The Policy excludes from coverage any expenses or payments for punitive or exemplary damages.

46.     Except as provided in the Policy's Limited Assault or Battery Insurance endorsement, the Policy does not apply to "bodily injury" arising out of an "assault or battery", which the Policy defines to include, without limitation: the apprehension or threat of harmful or offensive contact; sexual assault; and, abuse or molestation.

47.     The Policy's Limited Assault or Battery Insurance endorsement limits Mt. Hawley's obligation to pay for the sum of all damages and the cost of defense because of all occurrences of "assault or battery" to $100,000.

12

48.     The A.H. Action, inclusive of the Joinder Complaint, seeks damages for "bodily injury" arising out of or because of "assault or battery", or from the failure to prevent, suppress, or protect against "assault or battery".

49.     Any damages assessed against Insured in the A.H. Action, including the Joinder Complaint, arise out of or are because of "assault or battery", or from the failure to prevent, suppress, or protect against "assault or battery".

50.     All bodily injuries alleged in the A.H. Action arose out of the alleged exploitation and assault by traffickers and customers with whom A.H. engaged in commercial sex acts.

51.     Mt. Hawley paid $100,000 for the cost of defense of Insured in the A.H. action.

52.     Therefore, Mt. Hawley does not have any other potential duty to defend or indemnify Insured against the claims in the A.H. Action.

WHEREFORE, Plaintiff, Mt. Hawley Insurance Company, demands judgment in its favor and against Defendants, Eighty Eight, L.P., Eight, Inc., and all others, pursuant to 28 U.S.C. §2201, declaring that:

a.     Any obligation by Mt. Hawley to defend or indemnify Insured against any claims in the A.H. Action, including the Joinder Complaint, ended when Mt. Hawley paid the total sum of $100,000 in the cost of defense of Insured in the A.H. Action;

b.     Mt. Hawley has no other potential duty to defend or indemnify Insured against any claims in the A.H. Action, including the Joinder Complaint; and

c.     Awarding such other and further relief as the Court may deem just and proper.

13

## COUNT II

## CLAIM FOR DECLARATORY RELIEF

### The Policy Excludes Coverage for Punitive Damages

53.     Mt. Hawley incorporates the allegations above as though fully set forth in this paragraph.

54.     The A.H. Action seeks punitive damages for intentional, willful, wanton and/or reckless conduct and acts in conscious disregard of or indifference to the known risk of serious harm to A.H.

55.     The Policy excludes from coverage any expenses or payments for punitive or exemplary damages.

WHEREFORE, Plaintiff, Mt. Hawley Insurance Company, demands judgment in its favor and against Defendant, Eighty Eight, L.P., Eight, Inc., and all others, pursuant to 28 U.S.C. §2201, declaring that:

> a.  Any obligation by Mt. Hawley to defend or indemnify Insured against any claims in the A.H. Action, including the Joinder Complaint, ended when Mt. Hawley paid the total sum of $100,000 in the cost of defense of Insured in the A.H. Action;
>
> b.  Mt. Hawley has no other potential duty to defend or indemnify Insured against any claims in the A.H. Action, including the Joinder Complaint; and
>
> c.  Awarding such other and further relief as the Court may deem just and proper.

**FIELDS HOWELL LLP**

Dated:  January 26, 2026                    By:

Marc A. Brotman, Esq.
Gregory L. Mast, Esq.
19 West College Ave, Suite 100
Yardley, Pennsylvania 19067
(267) 214-7755; Fax: (267) 507-1717
mbrotman@fieldshowell.com
gmast@fieldshowell.com

15